Citation Nr: 1602936 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 13-21 312 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to service connection for a lumbar spine disability, to include as secondary to service-connected right and left knee and left great toe disabilities.

2. Entitlement to service connection for a disability of the left index finger.

3. Entitlement to a higher initial evaluation for postoperative medial meniscectomy of the left knee, rated noncompensable prior to May 15, 1995, and 10 percent from May 15, 1995.

4. Entitlement to a higher initial evaluation for traumatic arthritis, residual of tibial plateau fracture, of the right knee, rated noncompensable prior to May 15, 1995, and 10 percent from May 15, 1995. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel


INTRODUCTION

The Veteran had active service from March 1945 to November 1946 and from November 1947 to November 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

This matter was initially before the Board in May 2015, when entitlement to service connection for a lumbar spine disability was reopened and remanded on the merits for additional development and consideration. The claim was again remanded by the Board in August 2015. It now returns for appellate review. 

The Veteran testified before the undersigned Veterans Law Judge at a Travel Board hearing in April 2015. A transcript of that hearing is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issues of entitlement to service connection for a disability of the left index finger, entitlement to an initial compensable evaluation for postoperative medial meniscectomy, left knee, and in excess of 10 percent from May 15, 1995, and entitlement to an initial compensable evaluation for traumatic arthritis, tibial plateau fracture, right knee, and in excess of 10 percent from May 15, 1995, are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, the most probative evidence of record demonstrates that it is at least as likely as not that degenerative osteoarthritis of lumbar spine was incurred during active duty.


CONCLUSION OF LAW

The criteria for service connection for degenerative osteoarthritis of lumbar spine, have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1154(a), 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has duties to notify and assist veterans in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). In light of the favorable grant herein, which grants entitlement to service connection for a back disability, further discussion as to compliance with VA's duties to notify and assist with respect to this specific claim, including pursuant to 38 C.F.R § 3.103(c)(2) (2015) and Bryant v. Shinseki, 23 Vet App 488 (2010), are rendered moot. Additionally, the Board observes that the grant of the claim renders moot lack of compliance, if any exists, with any prior Board remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.304 (2015). To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). In service connection claims consideration must be given to all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a) (West 2014); 38 C.F.R. § 3.303(a).

In addition, certain chronic diseases, such as arthritis, may be presumed to have been incurred in, or aggravated by, service if the disease becomes manifest to a compensable degree within one year of separation from qualifying military service. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2015). Additionally, service connection on the basis of continuity of symptomatology can be established for the chronic diseases specified at 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Throughout the pendency of the appeal, the Veteran primarily asserted that his low back pain onset in service. Specifically, in a April 2015 testimony and in a July 2015 statement the Veteran, in part, explained his low back pain initially onset during service, after he sustained a fall. 

The Veteran satisfied the existence of the present disability standard with regard to a back disability. An August 2012 and October 2012 private medical record each listed lumbar post laminectomy syndrome under an active problem list. A March 2013 private medical record noted the Veteran had chronic low back pain secondary to lumbar spondylosis, status post surgery, and an April 2014 private medical record noted with chronic low back pain and a history of multiple lumbar surgeries. A May 2014 private medical record documented multilevel lumbar degenerative spondylosis. A June 2015 VA back examination diagnosed degenerative osteoarthritis of lumbar spine. Thus, the Board finds that disability, best characterized as degenerative osteoarthritis of lumbar spine, has been demonstrated. The question remaining for consideration is whether the Veteran's degenerative osteoarthritis of lumbar spine is etiologically related to service.

The evidence of record supports a finding that the Veteran sustained an injury to his back in service. Specifically, a January 1960 service treatment record documented that the Veteran sustained a fall in December 1959, when he fell from an eight foot high bridge onto the solid frozen ground. This service treatment record supports the Veteran's contention that a fall occurred and his back disability was related to such and onset during service. Thus, the element of an in-service injury is met.

A February 2004 VA back examination report stated it was not evident the Veteran's current back condition was due to or aggravated by his service-connected knee condition. A May 2013 VA examiner found the claimed condition was less likely than not proximately due to or the result of the Veteran's service-connected condition. The May 2013 VA examiner stated review of the service medical record does not corroborate the Veteran's history as given to Dr. Hyjeck and Dr. Morton regarding back injuries and back pain and the Veteran's separation examination was silent for back pain The May 2013 VA examiner noted the first complaint of low back pain in available records is in 1981, 15 years following military service and the Veteran's low back condition shows onset consistent with intervening interceding events since separation from the military and is also consistent with expected effects of aging given the findings on x-ray with disc degeneration. The May 2013 VA examiner found no objective evidence in the record of abnormal gait or severe knee pain or knee problems preceding the Veteran's back complaints.

A June 2015 VA back examiner found the condition claimed was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The June 2015 VA examiner stated the Veteran was on continuous active duty for 19 years and that, during that time period, there was no documentation in the service treatment records of evaluation or treatment for an ongoing, chronic low back condition. The June 2015 VA examiner stated she was unable to find any notes during active duty where the veteran complained of back pain. The June 2015 VA examiner stated the earliest documentation of low back symptoms was in 1981, 15 years following service, with evidence of degenerative disc disease at L3-4, when the Veteran was 53 years of age. The June 2015 VA examiner also noted that five years later, in 1986, the Veteran gave a history of having low back pain after rolling his truck two years previously and injuring his back. The June 2015 VA examiner stated, in part, the Veteran more likely as not had lumbar spine degenerative disc disease as a result of age related changes which were permanently aggravated by the motor vehicle accident and it was less likely as not that there was any evidence of events while in the military which contributed to his lumbar spine condition.

A September 2015 VA examiner stated the Veteran's claimed lumbar spine disability condition was less likely as not caused by service factors, including July 2015 lay testimony of striking his back when he fell down a short flight of stairs in service since there was no documented back care proximal to service discharge so as to constitute evidence of a chronic medical disability arising in service, interceding factors could not be excluded, the back condition could be accounted for age alone, and there were no records which specifically support this contention to the exclusion of other factors. The September 2015 VA examiner stated that, while he was informed that the Veteran was competent to testify to his experiences in service, and that he may not dismiss the Veteran's testimony of an injury solely because it was not recorded in the service treatment records, the examiner stated lay testimonials which may describe symptoms were not validated and could not be used to establish a specific diagnosis in the absence of corroborating medical findings and/or evidence. The September 2015 VA examiner also found the Veteran's claimed lumbar spine disability was less likely caused or aggravated by his service-connected right and left knee and left great toe disabilities.

The February 2004 VA examiner did not address the claim on a direct incurrence basis. The May 2013, June 2015 and September 2015 VA examiners' opinions tend to weigh against the claim. However, each examiner erroneously found there was not back care proximal to service, when in fact an August 1970 VA treatment record noted left lumbar pain. Additionally, a December 1976 VA treatment record, noted a complaint of persistent right back pain, although noted in conjunction with a renal stone. Thus, the June 2015 and September 2015 VA examiners' opinions are predicated, at least in part, on inaccurate and incomplete facts. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

Moreover, neither the June 2015 nor September 2015 VA examiner's opinion adequately addressed the Veteran's recollection that his low back problems first onset during service and have continued since service, but instead, appeared to dismiss such as such was not specifically documented in the service treatment records. As noted above, the Veteran reported he injured his lower back during an in-service fall, which was documented in the service treatment records. Moreover, in April 2015 testimony, the Veteran reported he received pain medication for his back pain after his in-service fall. 

The Veteran is competent to report as to observable symptoms such as pain, because such is capable of lay observation. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). The Board finds the Veteran's statements and April 2015 testimony regarding the continuity of his back pain since service to be credible. Thus, the evidence provides an indication of continuity of low back pain since service. As the evidence shows that the Veteran has degenerative osteoarthritis of lumbar spine, 38 C.F.R. § 3.303(b) is a possible avenue for substantiating the claim because arthritis is listed as a chronic disease under 38 C.F.R. § 3.309(a). 

Moreover, in a June 2004 medical letter Dr. Stivland stated the Veteran had been a patient for the last three years and in part, suffered from chronic low back pain and that his chronic low back pain was likely secondary to his military service due to injuries suffered during that time. In October 2010, Dr. Hyjek stated the Veteran had a history of prior back surgeries, and that the Veteran described injuries to his back dating back to the early 1950s, along with a service-related knee injury. Dr. Hyjek stated that, after reviewing the Veteran's story, his opinion was that it may have been possible that the Veteran's back problems stemmed from injuries suffered during his military service. 

In December 2010 Dr. Morton stated, in part, based upon the information provided by the Veteran, his back pain clearly began while performing duties in the military and that the Veteran's symptoms continued to escalate through the years, frequently while continuing to serve in the military. In April 2013, Dr. Morton stated he could not say with any degree of certainty that the Veteran's back symptoms were related to injuries he sustained from his military service but he clearly cannot exclude this as a causative factor as well. 

Given the evidence outlined above, the Board is of the opinion that the point of relative equipoise has been reached in this matter. The evidence of record including the private medical opinions, coupled with the Veteran's competent and credible report of back pain since service, leads the Board to conclude that the degenerative osteoarthritis of lumbar spine is related to active service. 

Further inquiry could be undertaken with a view towards development of the claim so as to obtain an additional medical opinion. However, to do so in this case would only serve the purpose of obtaining negative evidence. See Mariano v. Principi, 17 Vet. App. 305, 312 (2003) (noting that VA may not order additional development for the sole purpose of obtaining evidence unfavorable to a veteran). Moreover, under the benefit of the doubt rule, where there exists an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the veteran shall prevail upon the issue. Thus, with resolution of all reasonable doubt in the Veteran's favor, the Board finds that service connection for a back disability, best characterized as degenerative osteoarthritis of lumbar spine, is warranted. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102, Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

Entitlement to service connection for degenerative osteoarthritis of lumbar spine is granted.


REMAND

A July 1976 rating decision, in pertinent part, granted service connection for right and left knee disabilities and assigned a noncompensable initial evaluation for each knee, and denied entitlement to service connection for a left index finger disability. A notice of disagreement (NOD) was received in September 1976 as to the noncompensable initial ratings assigned for the right and left knee disabilities and the denial of service connection for a left index finger disability. In an October 1976 rating decision, the RO continued the noncompensable initial ratings assigned for the right and left knee disabilities, and the denial of service connection for a left index finger disability. Additionally, the ratings for the left and right knee disabilities were adjudicated in subsequent rating decisions, including a February 1996 rating decision which increased the evaluation for each knee disability to 10 percent, both effective May 15, 1995; however, such does not abrogate the appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993) (a claim for an increased evaluation remains viable on appeal when an increase to less than the maximum evaluation is made during the pendency of an appeal). In this regard, in circumstances where a NOD is filed, but a Statement of the Case (SOC) has not been issued, the Board must remand the claim to the RO to direct that an SOC be issued. Manlincon v. West, 12 Vet. App. 238 (1999). Accordingly, in the circumstances presented in this case, as an SOC has not been issued, the RO must issue an SOC on the issues of entitlement to service connection for a disability of the left index finger, entitlement to a higher initial evaluation for postoperative medial meniscectomy of the left knee, rated noncompensable prior to May 15, 1995, and 10 percent from May 15, 1995, and entitlement to a higher initial evaluation for traumatic arthritis, residual of a tibial plateau fracture, of the right knee, rated noncompensable prior to May 15, 1995, and 10 percent from May 15, 1995.

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Issue a statement of the case as to the issues of entitlement to service connection for a disability of the left index finger, entitlement to a higher initial evaluation for postoperative medial meniscectomy of the left knee, rated noncompensable prior to May 15, 1995, and 10 percent from May 15, 1995, and entitlement to a higher initial evaluation for traumatic arthritis, residual of a tibial plateau fracture, of the right knee, rated noncompensable prior to May 15, 1995, and 10 percent from May 15, 1995, based on the July 1976 rating decision and September 1976 NOD, and afford the appropriate period for response. Only if a timely substantive appeal is received with respect to any issue, should the issue be forwarded to the Board for appellate consideration

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs